ABIGAIL MAGUIRE, by EDMUND MAGUIRE, Her Guardian ad Litem, Plaintiff, *v.* NEW YORK RAPID TRANSIT CORPORATION, Defendant.

Municipal Court of New York, Borough of Brooklyn, Sixth District, November 10, 1931.

*Joseph A. Kennedy,* for the applicant.

SWEEDLER, J. This is an application for the approval by the court for settlement of a cause of action belonging to the infant, Abigail Maguire. Rule 294 of the Rules of Civil Practice sets forth in general terms the requisites necessary to secure the approval of the court to a compromise of claims of infant parties. The language of the rule being general, a good deal of discretion is permitted the court in inquiring into the reasonableness and propriety of such settlement. This matter was carefully considered before the City Court of New York, New York county, in *Lentine* v. *Jacobs* (137 Misc. 403), wherein Justice SHIENTAG expressed his views on the subject in a learned and well-reasoned opinion and with which this court is in accord.

In approving these claims, the court in effect sits as a chancellor and is clothed with a grave responsibility. No more important duty imposed on the court exists than the preservation and mainte-nance of rights of infants. I, therefore, now outline the following requisites to be complied with by counsel in making such appli-cations before me.

1. All persons whose affidavits are used for the application shall appear personally before the court; where the infant is one of tender years, its appearance may be dispensed with in the court's discretion.

2. The moving papers shall state that the compensation of counsel is not in excess of one-third of the full amount of the proposed settlement.

3. Moving papers shall be complete as to all necessary details; affidavits with general statements will receive no attention. The affidavit of attending physician shall be complete and shall contain basic grounds for opinions as to recovery of infant and not a mere general statement that the infant has fully recovered.

4. This court in its discretion may order a physical exami-nation of the infant, especially where the infant is one of tender years, by a physician of its own selection, to be paid for by the defendant.

5. The acknowledged consent of the infant, when over fourteen years, must accompany the moving papers.

6. Where the guardian and the infant are not represented by counsel and the application is made by an individual in their behalf, then this court in its discretion may order the matter to be thoroughly investigated by an attorney and counselor at

law of its choice who should make a report and advise as to the propriety of such settlement, for which service defendant is to pay a nominal fee. The court will then act on the basis of such report as it sees fit.

7. Where the amount obtained for the infant is under $150, the court will permit it to be paid over to the guardian. Where the amount is over $150, it will be required to be deposited with a bank or trust company in the name of the guardian *ad litem* for the credit of the infant, and shall be withdrawn and removed only upon order of the court, upon proof that the infant has attained its majority, or upon satisfactory proof to the court that the infant plaintiff requires all or any part of said sum for its education, maintenance and support. When such proceeds are deposited with a bank or trust company, the giving of a bond may be dispensed with.

In the instant application, I find that the infant, aged nineteen years, sustained injuries to her right leg when attempting to board a train operated by the defendant. The elements required as above have been complied with except, however, the affidavit of the physician is too general as to the recovery of the infant from the injury. I deem a more complete examination of the injured leg necessary and, therefore, order that the infant submit to examination before Dr. Helen D'Albora, of 4718 Sixth avenue, Brooklyn, N. Y. Said doctor is to be paid the sum of ten dollars by the defendant. Upon the return of a report by the doctor this application will be reconsidered.