■ DAVID SANDORO, Respondent, v STEPHEN ANDZEL et al., Defendants, and MARK B. RYCZEK, Appellant. [761 NYS2d 927]

—Appeal from that part of an order of Supreme Court, Erie County (Howe, J.), entered October 23, 2002, that denied the motion of defendant Mark B. Ryczek for summary judgment dismissing the complaint against him.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law and in the exercise of discretion with costs, the motion is granted and the complaint against defendant Mark B. Ryczek is dismissed unless plaintiff serves and files an affidavit of his Florida physician within 30 days of service of a copy of the order of this Court with notice of entry, in which event the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the vehicle in which he was a passenger was involved in a collision with a vehicle operated by Mark B. Ryczek (defendant). Defendant thereafter moved for summary judgment dismissing the complaint against him on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and Supreme Court denied the motion. We agree with defendant that the court erred in concluding that the physician's affidavit submitted by defendant in support of his motion was couched in "entirely conclusory terms" and therefore " 'ha[s] no probative force.' " Indeed, the affidavit provides detailed findings based on the physician's physical examination of plaintiff as well as the physician's review of plaintiff's medical records and MRI films, to which the physician specifically refers.

We conclude that defendant met his initial burden on the motion by providing the requisite qualitative assessment of plaintiff's condition based on objective findings (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]), thereby shifting the burden of proof to plaintiff to raise an issue of fact whether he sustained a serious injury (*see Calucci v Baker*, 299 AD2d 897 [2002]; *Avellanosa v Orazio*, 299 AD2d 831 [2002]). Plaintiff, however, failed to meet that burden by submitting an affidavit of his attorney, additional medical reports not submitted by defendant and an affirmation of his physician in Florida. The attorney's affidavit was without evidentiary value (*see Joseph E.G. v East Irondequoit Cent. School Dist.*, 273 AD2d 835 [2000]), and the medical reports were not sworn or accompanied by the requisite physician's affidavit (*cf. Ilkhanizadeh v Axelrod*, 258 AD2d 441, 441-442 [1999]). In addition, the affirmation of plaintiff's physician in Florida was not in proper evidentiary form because there was no showing that the physician was "authorized by law to practice in this State" (*Palo v*

*Latt,* 270 AD2d 323, 323 [2000], *lv dismissed* 95 NY2d 849 [2000]; *see* CPLR 2106). We note, however, that the affirmation would have been sufficient to raise a triable issue of fact had it been in proper evidentiary form. Thus, we reverse the order insofar as appealed from on the law and in the exercise of our discretion and grant the motion of defendant for summary judgment dismissing the complaint against him unless plaintiff serves and files an affidavit of his Florida physician within 30 days of service of a copy of the order of this Court with notice of entry, in which event the order is affirmed. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.