■ TERESA CATANESE et al., Appellants, v DONALD J. FURMAN, M.D., et al., Respondents, et al., Defendants. (Appeal No. 1.) [780 NYS2d 687]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered March 31, 2003, in an action to recover damages for medical malpractice. The order granted the motion of defendants Alberto C. Gutierrez, M.D. and Alberto C. Gutierrez, M.D., P.C. for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: In appeal No. 1, plaintiffs appeal from an order granting the motion of Alberto C. Gutierrez, M.D. and Alberto C. Gutierrez, M.D., P.C. (defendants) for summary judgment dismissing the complaint and cross claims against them in this medical malpractice action. We agree with Supreme Court that defendants met their initial burden on the motion and that plaintiffs failed to raise a triable issue of fact. Plaintiffs failed to establish the qualifications of their expert, and their submissions contained no more than general allegations of medical malpractice, were conclusory in nature and were unsupported by evidence to establish the essential elements of the causes of action. Plaintiffs' expert was not licensed to practice medicine in New York, a fact misrepresented to defendants when plaintiffs submitted the expert's affirmation in opposition to defendants' motion. The court therefore properly determined that the affirmation was not competent evidence (see CPLR 2106; *Palo v Latt*, 270 AD2d 323 [2000], *lv dismissed* 95 NY2d 849 [2000]). In addition, we note that plaintiffs' attorney repeatedly mischaracterized the affirmation as an affidavit. We decline to exercise our discretion as proposed by the dissent (see e.g. *Sandoro v Andzel*, 307 AD2d 706, 708 [2003]). In any event, the affirmation was inadequate to raise an issue of fact regarding the liability of defendants (see *Sheridan v Bieniewicz*, 7 AD3d 508 [2004]; *Anderson v Lamaute*, 306 AD2d 232, 233 [2003]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]).

With respect to appeal No. 2, because plaintiffs failed to establish "reasonable justification for the failure to present such facts on the prior motion," the court did not err in denying that part of plaintiffs' motion that sought leave to renew the prior motion (CPLR 2221 [e] [3]; *see* CPLR 2221 [e] [2]; *Hart v City of New York*, 5 AD3d 438 [2004]). We agree with plaintiffs, however, that the court erred in denying their cross motion in limine insofar as it sought to preclude defendant Donald J. Furman, M.D. from presenting a claim of negligence against Dr. Gutierrez. Nevertheless, the implementation of that preclusion with respect to the admissibility of evidence is best left to the court at trial. Even though the issue of lack of negligence on the part of Dr. Gutierrez has been determined as a matter of law, Furman should not be precluded from introducing evidence on the issue of causation (*see generally Pierce v International Harvester Co.*, 65 AD2d 254, 260 [1978]). We therefore modify the order in appeal No. 2 accordingly.

All concur except Green, J.P., and Gorski, J., who dissent and vote to reverse in accordance with the following memorandum.

Green, J.P., and Gorski, J. (dissenting). We respectfully dissent in appeal Nos. 1 and 2. In our view, Supreme Court abused its discretion in refusing to permit plaintiffs to correct the technical defect of having submitted an affirmation rather than a sworn affidavit of their expert physician, who was not "authorized by law to practice in" New York as required by CPLR 2106. In *Sandoro v Andzel* (307 AD2d 706 [2003]), this Court allowed the plaintiff 30 days to correct the same defect. In our view, the same allowance should be made herein, inasmuch as we further believe that the disputed affirmation would have been sufficient to raise triable issues of fact with respect to the merits of this medical malpractice action had it been in proper evidentiary form. Thus, we would reverse the order in appeal No. 1, deny the motion of defendants Alberto C. Gutierrez, M.D. and Alberto C. Gutierrez, M.D., P.C. and reinstate the complaint and cross claims against them, and we would dismiss the appeal from the order in appeal No. 2 as moot. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.