OPINION OF THE COURT
Eileen N. Nadelson, J.
*225 Petitioner has applied to the court to approve the settlement of a negligence claim of an infant against the management of a housing complex where the infant was injured. In her petition, the mother of the infant has included the affirmation of the infant’s physician who is licensed to practice medicine in the State of Alabama, where the infant and her family presently reside. The court initially informed petitioner that she would have to provide the court with an affidavit from the doctor, and petitioner has applied for an adjournment of the hearing.
Petitions to settle infant compromise agreements are governed pursuant to the provisions of section 1208 of the CPLR. This section requires that all such petitions be accompanied by an affidavit or affirmation of the infant’s attending physician. Any application which lacks such documentation should be denied without prejudice to renew with appropriate medical substantiation. (Lentine v Jacobs, 137 Misc 403 [NY City Ct, NY County 1930].) The purpose of this requirement is to assure the court that the infant has fully recovered and that the settlement is appropriate for the injury sustained. (Maguire v New York R.T. Corp., 141 Misc 807 [Brooklyn Mun Ct 1931].)
To meet the burden imposed by CPLR 1208 and the judicial decisions rendered thereunder, petitioners uniformly provide the court with affirmations of the infants’ attending physicians. Such affirmations are permitted under CPLR 1206, which states:
“The statement of an attorney admitted to practice in the courts of the state, or of a physician, osteopath or dentist, authorized by law to practice in the state, who is not a party to an action, when subscribed and affirmed by him to be true under the penalties of perjury, may be served or filed in the action in lieu of and with the same force and effect of an affidavit.” (Emphasis added.)
However, as baldly stated by the statute, the physician must be licensed in the State of New York in order for his or her affirmation, rather than an affidavit, to be accepted as having evidentiary weight. Such affirmations by out-of-state physicians have been held, in malpractice actions, not to constitute competent evidence. (Catanese v Furman, 9 AD3d 863 [4th Dept 2004]; Palo v Latt, 270 AD2d 323 [2d Dept 2000].) Although there is no case directly on point, this court feels the same standard is mandated by statute in infant compromise situations as well.
*226 Therefore, based on the foregoing, the court grants petitioner’s application to adjourn the hearing so that she may obtain the mandated affidavit from the Alabama doctor.