# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**492**
**CA 10-01211**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

DONALD J. SHARKEY,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                MEMORANDUM AND ORDER

JOSEPH LIN-YUN CHOW, M.D., CELESTINE J.
SZULEWSKI, P.A., SPRINGVILLE PEDIATRICS AND
ADULT CARE, DEFENDANTS-RESPONDENTS,
AND RONALD G. BASALYGA, M.D.,
DEFENDANT-RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

LAW OFFICES OF LINDA J. MARSH AND ARTHUR J. ZILLER, BUFFALO (ARTHUR
ZILLER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C., ALBANY (ADAM
H. COOPER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

DAMON MOREY LLP, BUFFALO, MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ,
P.C., WHITE PLAINS (MYRA I. PACKMAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered February 16, 2010 in a medical malpractice action. The order denied that part of plaintiff's motion to strike defendants' joint answer and granted that part of plaintiff's motion for a new trial with respect to defendant Ronald G. Basalyga, M.D.

It is hereby ORDERED that said appeal is dismissed (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985) and the order is otherwise affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for the alleged failure of defendants to diagnose his metastatic colon cancer. Following a trial, the jury found that defendants Joseph Lin-Yun Chow, M.D., Celestine J. Szulewski, P.A. and Springville Pediatrics and Adult Care (Springville) were not negligent and that, although defendant Ronald G. Basalyga, M.D was negligent, his negligence was not a proximate cause of plaintiff's injuries. In appeal No. 1, plaintiff appeals from an order denying his pretrial motion to strike defendants' joint answer for failure to comply with his discovery demands pursuant to CPLR 3101 (f), seeking information regarding insurance coverage with respect to Springville. In appeal

No. 2, plaintiff appeals and Dr. Basalyga cross-appeals from an order that, inter alia, granted that part of plaintiff's motion pursuant to CPLR 4404 (a) for a new trial in the interest of justice with respect to Dr. Basalyga and denied that part of plaintiff's motion to strike defendants' joint answer for failure to disclose insurance coverage. In appeal No. 3, plaintiff appeals from a judgment dismissing the complaint against Dr. Chow, Szulewski and Springville. In appeal No. 4, plaintiff appeals and Dr. Basalyga cross-appeals from an order that, inter alia, granted plaintiff's motion for leave to renew his motion to strike the answer at issue in appeal No. 2 and, upon renewal, adhered to its original determination.

We note at the outset that, in his appellate brief, plaintiff has raised no contentions with respect to Dr. Chow, Szulewski or Springville, and thus plaintiff has abandoned any issues with respect to those defendants (*see Ciesinski v Town of Aurora*, 202 AD2d 984). We therefore dismiss appeal No. 3, and we do not address those defendants in the context of the remaining appeals. We affirm the orders in appeal Nos. 1, 2 and 4.

After the jury began deliberations but before a verdict was rendered, counsel for defendants informed plaintiff that Dr. Basalyga had excess insurance coverage and that Springville did not have a separate policy. That information had not been previously provided in response to plaintiff's demands. With respect to appeal No. 4, we conclude that Supreme Court did not abuse its discretion in determining that the failure to disclose excess coverage was not willful, contumacious or in bad faith and thus refusing to strike the answer (*cf. Perry v Town of Geneva*, 64 AD3d 1225). In the absence of an abuse of discretion that determination will not be disturbed (*see generally Roswell Park Cancer Inst. Corp. v Sodexo Am., LLC*, 68 AD3d 1720, 1721; *Hill v Oberoi*, 13 AD3d 1095).

We conclude in appeal No. 2 that the court did not abuse its discretion in granting that part of plaintiff's post-trial motion for a new trial in the interest of justice with respect to Dr. Basalyga. The court determined that, although the failure to disclose Dr. Basalyga's excess insurance information was not willful, contumacious or in bad faith, plaintiff was "unquestionably entitled to [that information] for use in formulating [his] trial strategy." "The authority to grant a new trial is discretionary in nature and is vested in the trial court predicated on the assumption that the [j]udge who presides at trial is in the best position to evaluate errors therein . . . Notably, [the court's] decision in [that] regard will not be disturbed absent an abuse of discretion" (*Straub v Yalamanchili*, 58 AD3d 1050, 1051 [internal quotation marks omitted]; *see generally Matter of De Lano*, 34 AD2d 1031, 1032, *affd* 28 NY2d 587; *Butler v County of Chautauqua*, 277 AD2d 964), and that is not the case here.

We have reviewed the remaining contentions of plaintiff and Dr. Basalyga with respect to appeal Nos. 1, 2 and 4 and conclude that they are without merit.

All concur except CARNI, J., who dissents in part and votes to modify in accordance with the following Memorandum:  I respectfully disagree with the conclusion of my colleagues in appeal No. 2 that Supreme Court did not abuse its discretion in granting that part of plaintiff's post-trial motion for a new trial in the interest of justice with respect to defendant Ronald G. Basalyga, M.D.  I otherwise agree with the remaining conclusions of my colleagues in appeal No. 2 and thus dissent only in part in that appeal.

In granting that part of plaintiff's post-trial motion for a new trial concerning Dr. Basalyga, the court simultaneously concluded that Dr. Basalyga's failure to provide complete insurance information "denied the plaintiff the opportunity for a fair trial" but that it would be "speculation" to conclude that plaintiff's preparation for trial or his actions during trial would have been different with such information.  Plaintiff, however, has offered no explanation of how his trial preparation or strategy would have been different had he been provided with complete insurance information in advance. Plaintiff has not shown that the absence of Dr. Basalyga's insurance information "distort[ed] the true adversarial nature of the litigation process" (*Matter of Eighth Jud. Dist. Asbestos Litig.*, 8 NY3d 717, 722), or that it was "likely that the verdict [was] . . . affected" by the late disclosure of Dr. Basalyga's excess insurance coverage (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381). Thus, I cannot conclude that plaintiff was denied a fair trial or that substantial justice has not been done.  I would therefore deny that part of plaintiff's post-trial motion for a new trial in the interest of justice with respect to Dr. Basalyga and reinstate the verdict against him.

Entered:  May 6, 2011                         Patricia L. Morgan
                                              Clerk of the Court