Campbell v Bell-Thomson (2020 NY Slip Op 07807)





Campbell v Bell-Thomson


2020 NY Slip Op 07807


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1164 CA 19-01200

[*1]DINA CAMPBELL, AS EXECUTRIX OF THE ESTATE OF DIANE GOSPODARSKI, DECEASED, PLAINTIFF-RESPONDENT,
v
JOHN BELL-THOMSON, M.D., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






THE TARANTINO LAW FIRM, LLP, BUFFALO (TAMSIN J. HAGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DOLCE PANEPINTO, P.C., BUFFALO (EDWARD L. SMITH, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered April 15, 2019. The order denied the motion of defendant John Bell-Thomson, M.D., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed against defendant John Bell-Thomson, M.D.
Memorandum: In this medical malpractice action seeking damages for injuries decedent allegedly sustained as the result of intraoperative damage to her phrenic nerve during mitral valve replacement surgery, John Bell-Thomson, M.D. (defendant) appeals from an order denying his motion for summary judgment dismissing the complaint against him. We reverse.
On his or her motion for summary judgment, a defendant in a medical malpractice action bears the initial "burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]). A defendant physician may submit his or her own affidavit to meet that burden provided that the affidavit is "detailed, specific and factual in nature" and addresses plaintiff's specific factual claim of negligence (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015] [internal quotation marks omitted]). We agree with defendant, and plaintiff on appeal does not dispute, that he met his initial burden on the motion by establishing the absence of a deviation from the applicable standard of care. Here, defendant submitted his own affidavit, in which he explained that he began the surgery with a minimally invasive approach but converted to an open procedure after discovering that decedent's right lung was adherent to her heart and mediastinum. Defendant described how he removed the lung from the scar tissue and dissected the lung off the hilum, mediastinum, and heart. Defendant stated that he did not cut the phrenic nerve but did use traction sutures to expose access to the left atrium in order to complete the mitral valve replacement. He further stated that potential stretching of the phrenic nerve is an accepted and unavoidable consequence of the procedure that, in this case, did not indicate a deviation from the standard of care.
We further agree with defendant that plaintiff failed to raise a triable issue of fact in opposition (see Bubar, 177 AD3d at 1359). Although plaintiff submitted a physician's affidavit in opposition to defendant's motion, "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion" (Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). Where "the expert's ultimate [*2]assertions are . . . unsupported by any evidentiary foundation, . . . [his or her] opinion should be given no probative force and is insufficient to withstand summary judgment" (Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; see Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]). Here, plaintiff's expert did not rebut the opinion in defendant's affidavit that defendant's surgical technique was appropriate to the situation in light of the fact that decedent's lung was adherent to the heart, nor did plaintiff's expert rebut defendant's opinion that any possible phrenic nerve damage was the result of stretching caused by traction sutures and did not constitute a deviation from the standard of care.
In light of our determination, we do not reach defendant's contention insofar as it pertains to the element of causation.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court