Bristol v Bunn (2020 NY Slip Op 07773)





Bristol v Bunn


2020 NY Slip Op 07773


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


880 CA 20-00172

[*1]CAROLYN BRISTOL, PLAINTIFF-RESPONDENT,
v
WILEY DOUGLAS BUNN, JR., M.D., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-APPELLANT.
NAPOLI SHKOLNIK, PLLC, MELVILLE (JOSEPH L. CIACCIO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered December 9, 2019. The order, insofar as appealed from, denied in part the motion of defendant Wiley Douglas Bunn, Jr., M.D., seeking, inter alia, summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking summary judgment dismissing the medical malpractice cause of action against defendant Wiley Douglas Bunn, Jr., M.D. except insofar as the complaint, as amplified by the bill of particulars, alleges that he failed to diagnose and treat the bowel perforation intraoperatively and failed to timely and properly treat the bowel perforation postoperatively, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action for, inter alia, medical malpractice against Wiley Douglas Bunn, Jr., M.D. (defendant) and others after defendant performed surgery on plaintiff consisting of a robotic-assisted laparoscopic lysis of adhesions and removal of bilateral ovarian remnants. Plaintiff alleged that she sustained a bowel perforation during the surgery, which went undetected. She was discharged from the hospital the following day but returned three days later with complaints of, inter alia, abdominal pain and nausea. CT scans were suggestive of a bowel perforation, which was confirmed during an exploratory laparotomy. Plaintiff alleged that defendant negligently caused the bowel perforation; failed to diagnose and treat the bowel perforation intraoperatively; and failed to timely and properly treat the bowel perforation postoperatively, both before and after plaintiff's discharge from the hospital. Defendant moved, inter alia, to dismiss the complaint against him, and defendant now appeals from an order that granted the motion in part by dismissing the informed consent cause of action, but denied the motion with respect to the medical malpractice and vicarious liability causes of action.
As a preliminary matter, we reject defendant's contention that Supreme Court erred in considering the affidavit of plaintiff's expert in opposition to the motion. Plaintiff initially submitted an affidavit, which had not been notarized and was incorrectly titled an affirmation, of her expert, a physician duly licensed to practice medicine in the State of Virginia. Defendant objected on the ground that the expert was not licensed to practice in the State of New York and thus could not submit an expert affirmation (see CPLR 2106 [a]; Sandoro v Andzel, 307 AD2d 706, 707-708 [4th Dept 2003]). The court allowed plaintiff to cure the defect, and she thereafter submitted a notarized affidavit of the expert, which was again incorrectly titled an affirmation, along with a certificate of conformity (see Sandoro, 307 AD2d at 707-708; see also CPLR 2309 [c]). We reject defendant's contention that the certificate of conformity, which was an affirmation of plaintiff's attorney, was defective. The certificate "contain[ed] language attesting that the oath administered in the foreign state was taken in accordance with the laws of that [*2]jurisdiction" (Midfirst Bank v Agho, 121 AD3d 343, 348-349 [2d Dept 2014]).
With respect to the merits, "[i]t is well settled that a defendant moving for summary judgment in a medical malpractice action has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Pasek v Catholic Health Sys., Inc., 186 AD3d 1035, 1036 [4th Dept 2020]). The defendant must address "each of the specific factual claims of negligence raised in [the] . . . bill of particulars" (Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018] [internal quotation marks omitted]; see Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]). Once the defendant meets his or her burden, the burden " 'shifts to the plaintiff to demonstrate the existence of a triable issue of fact . . . only as to the elements on which the defendant met the prima facie burden' " (Bubar, 177 AD3d at 1359).
Here, as the court concluded and plaintiff correctly concedes, defendant satisfied his initial burden of establishing entitlement to judgment as a matter of law through, inter alia, the detailed affidavit of a qualified expert physician who opined that defendant did not depart from good and accepted medical practice and that no deviation from the standard of care caused plaintiff's injuries (see Pasek, 186 AD3d at 1036).
The affidavit of plaintiff's expert addressed defendant's conduct only with respect to the claims that he failed to diagnose and treat the bowel perforation intraoperatively and failed to timely and properly treat the bowel perforation postoperatively. Plaintiff's expert acknowledged that bowel perforation is a known complication from this type of surgery. Thus, plaintiff failed to raise a triable issue of fact with respect to the claims that defendant negligently caused the bowel perforation (see Groff, 161 AD3d at 1521). We therefore conclude that the court erred in denying defendant's motion with respect to those claims, and we modify the order accordingly.
With respect to plaintiff's claims that defendant failed to diagnose and treat the bowel perforation intraoperatively and failed to timely and properly treat the bowel perforation postoperatively, the court properly determined that the affidavit of plaintiff's expert raised a triable issue of fact in opposition. Specifically, the expert opined that defendant breached the applicable standard of care by not " 'running the bowel' " to look for perforations and failed to recognize that plaintiff's postoperative symptoms were indicative of a gastrointestinal leak or perforation (see Jeanette S. v Williot, 179 AD3d 1479, 1480-1481 [4th Dept 2020]). The expert further opined that defendant's deviation from the standard of care in that regard was a proximate cause of the injuries plaintiff suffered (see Kless v Paul T.S. Lee, M.D., P.C., 19 AD3d 1083, 1084 [4th Dept 2005]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court