Camuglia v Page (2021 NY Slip Op 01922)





Camuglia v Page


2021 NY Slip Op 01922


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


898 CA 20-00310

[*1]ANTHONY P. CAMUGLIA, PLAINTIFF-APPELLANT,
v
TIMOTHY EDWARD PAGE, M.D., ET AL., DEFENDANTS, JOHN RICHARD RESTIVO, M.D., ROBERT MEIER, M.D., AND RADIOLOGY ASSOCIATES OF NEW HARTFORD, LLP, DEFENDANTS-RESPONDENTS. 






MICHAEL J. LAUCELLO, CLINTON, FOR PLAINTIFF-APPELLANT. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ANTHONY R. BRIGHTON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered July 25, 2019. The order granted the motion of defendants Robert Meier, M.D., John Richard Restivo, M.D., and Radiology Associates of New Hartford, LLP for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, plaintiff appeals from an order granting the motion of defendants-respondents (defendants) for summary judgment dismissing the complaint against them. We reject plaintiff's contention that Supreme Court erred in granting the motion, and therefore we affirm.
"It is well settled that a defendant moving for summary judgment in a medical malpractice action has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Bristol v Bunn, 189 AD3d 2114, 2116 [4th Dept 2020]). Here, defendants met their initial burden on the motion by establishing the absence of a deviation from the accepted standard of care (see Bristol, 189 AD3d at 2116; Bubar, 177 AD3d at 1360). Therefore, the burden shifted to plaintiff to raise an issue of fact by submitting an expert's affidavit establishing such a deviation (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]; Bubar, 177 AD3d at 1359). Contrary to plaintiff's contention, he failed to meet his burden. It is well settled that "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion" (Alvarez, 68 NY2d at 325; see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Here, plaintiff's expert failed to quantify or describe in any way the features of the condition that defendants allegedly failed to observe, and thus the expert's affidavit is insufficient to raise a triable issue of fact whether defendants deviated from good and accepted medical practice (see Rivers v Birnbaum, 102 AD3d 26, 44 [2d Dept 2012]; see also Campbell v Bell-Thomson, 189 AD3d 2149, 2150- 2151 [4th Dept 2020]; Donnelly v Parikh, 150 AD3d 820, 824 [2d Dept 2017]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court