Cooke v Corning Hosp. (2021 NY Slip Op 05444)





Cooke v Corning Hosp.


2021 NY Slip Op 05444


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


869 CA 20-01412

[*1]JANICE COOKE, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ROBERT COOKE, PLAINTIFF-RESPONDENT,
v
CORNING HOSPITAL, GUTHRIE MEDICAL GROUP, P.C., JAMES PERLE, M.D., AND GURPREET SINGH, M.D., DEFENDANTS-APPELLANTS. 






SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (ANTHONY R. BRIGHTON OF COUNSEL), FOR DEFENDANTS-APPELLANTS CORNING HOSPITAL, GUTHRIE MEDICAL GROUP, P.C. AND JAMES PERLE, M.D.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (AMANDA C. ROSSI OF COUNSEL), FOR DEFENDANT-APPELLANT GURPREET SINGH, M.D. 
DEFRANCISCO & FALGIATANO, LLP, SYRACUSE (CHARLES L. FALGIATANO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Steuben County (William K. Taylor, J.), entered October 22, 2020. The order denied defendants' motions for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for medical malpractice and wrongful death arising from the death of her husband. Following discovery, defendant Gurpreet Singh, M.D. moved for summary judgment dismissing the complaint and all cross claims against him, and defendants Corning Hospital, Guthrie Medical Group, P.C., and James Perle, M.D. moved for summary judgment dismissing the complaint against them. Supreme Court denied the motions, concluding that the opposing affidavit from plaintiff's medical expert raised triable issues of fact. Defendants appeal, and we now affirm.
"It is well settled that a defendant moving for summary judgment in a medical malpractice action has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Fargnoli v Warfel, 186 AD3d 1004, 1005 [4th Dept 2020]). Once such a defendant meets the initial burden, the burden shifts to the plaintiff to raise a triable issue of fact, but "only as to the elements on which the defendant met the prima facie burden" (Bubar, 177 AD3d at 1359 [internal quotation marks omitted]; see Bristol v Bunn, 189 AD3d 2114, 2116 [4th Dept 2020]).
Although there is no dispute that defendants met their initial burden on their respective motions, we reject defendants' contention that the court erred in determining that the affidavit of plaintiff's expert raised triable issues of fact sufficient to defeat the motions. Where, as here, "a nonmovant's expert affidavit 'squarely opposes' the affirmation[s] of the moving parties' expert[s], the result is 'a classic battle of the experts that is properly left to a jury for resolution' " (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]). "In determining a summary judgment motion, '[i]ssue-finding, rather than issue-determination, is the key to the procedure' " (Wilk v James, 107 AD3d 1480, 1485-1486 [4th Dept 2013]; see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957], rearg denied 3 NY2d 941 [1957]), and we decline to determine the issues identified by plaintiff's expert.
Contrary to defendants' contentions, this is not a case in which plaintiff's expert "misstate[d] the facts in the record," nor is the affidavit " 'vague, conclusory, speculative, [or] unsupported by the medical evidence in the record' " (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]; see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Moreover, " '[t]he probative force of an opinion is not to be defeated by semantics if it is reasonably apparent that the doctor intends to signify a probability supported by some rational basis' " (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019], quoting Matter of Miller v National Cabinet Co., 8 NY2d 277, 282 [1960], mot to amend remittitur granted 8 NY2d 1100 [1960]).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court