Allen v Grimm (2022 NY Slip Op 05398)

Allen v Grimm

2022 NY Slip Op 05398

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

602 CA 21-01394

[*1]CAROL M. ALLEN, PLAINTIFF-RESPONDENT,
v
DAVID C. GRIMM, M.D., SHARON L. MANSFIELD, FNP-C, CANANDAIGUA ORTHOPAEDIC ASSOCIATES, P.C., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

HIRSCH & TUBIOLO, P.C., ROCHESTER (TAYLOR MARIE HOLMES OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ZIFF LAW FIRM, LLP, ELMIRA (CHRISTINA BRUNER SONSIRE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from a decision and order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered August 18, 2021. The decision and order, inter alia, denied the motion of defendants David C. Grimm, M.D., Sharon L. Mansfield, FNP-C, and Canandaigua Orthopaedic Associates, P.C., insofar as it sought to dismiss the complaint against them. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this medical malpractice action, plaintiff seeks damages for injuries that she allegedly sustained as a result of a carpal tunnel and trigger thumb release surgery performed by defendant David C. Grimm, M.D., and the post-operative care provided by Grimm and defendant Sharon L. Mansfield, FNP-C. Grimm, Mansfield, and defendant Canandaigua Orthopaedic Associates, P.C. (collectively, defendants) moved to dismiss the complaint against them and, alternatively, for summary judgment dismissing the complaint against them. In appeal No. 1, defendants appeal from a decision and order that determined regarding the motion insofar as it sought summary judgment that issues of fact existed with respect to the claims arising from the post-operative care provided by defendants, but the sole ordering paragraph denied the motion only insofar as it sought to dismiss the complaint against defendants. In appeal No. 2, defendants appeal from an order containing ordering paragraphs denying the motion insofar as it sought to dismiss the complaint against defendants and granting the motion insofar as it sought summary judgment dismissing the complaint against defendants, except with respect to the claims arising from the post-operative care provided by defendants. We affirm in appeal No. 2.
As an initial matter, we conclude that the paper in appeal No. 1 constituted a mere decision with respect to the issues raised by defendants on appeal, i.e., regarding the motion insofar as it sought summary judgment dismissing the claims concerning defendants' post-operative care of plaintiff. Thus, appeal No. 1 must be dismissed, although the issues raised on that appeal will be considered under appeal No. 2 (see generally AH Wines, Inc. v C6 Capital Funding LLC, 199 AD3d 1328, 1328 [4th Dept 2021]).
In appeal No. 2, defendants bore the initial "burden of establishing the absence of any departure from good and accepted medical practice or that plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Campbell v Bell-Thomson, 189 AD3d 2149, 2150 [4th Dept 2020]). We agree with defendants that they satisfied their initial burden on the motion insofar as it sought summary judgment dismissing the claims against them regarding post-operative care by establishing that [*2]there was no departure from good and accepted medical practice (see generally Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]). Specifically, defendants submitted the sufficiently " 'detailed, specific and factual' " affidavit of Grimm in which he opined, inter alia, that defendants' post-operative care of plaintiff was appropriate (Campbell, 189 AD3d at 2150; see Webb, 133 AD3d at 1386). We conclude, however, that defendants did not address the issue of causation, and thus the burden shifted to plaintiff to raise an issue of fact on the issue of deviation only (see Fargnoli v Warfel, 186 AD3d 1004, 1005 [4th Dept 2020]; cf. Simko v Rochester Gen. Hosp., 199 AD3d 1408, 1409 [4th Dept 2021]).
Contrary to defendants' contention, however, we conclude that plaintiff raised an issue of fact in opposition by submitting, inter alia, a detailed expert affirmation that " 'squarely oppose[d]' " the opinion of Grimm (Fargnoli, 186 AD3d at 1005). Contrary to defendants' further contention, this is not a case in which plaintiff's expert "misstate[d] the facts in the record," nor did the expert offer an opinion that was "vague, conclusory, speculative, [or] unsupported by the medical evidence in the record" (Cooke v Corning Hosp., 198 AD3d 1382, 1383 [4th Dept 2021] [internal quotation marks omitted]). Under the circumstances here and the specific remaining claims that defendants negligently provided post-operative treatment, the precise terminology used by plaintiff's expert in describing the nature of the alleged injury underlying the need for additional post-operative care did not render the expert's opinion speculative or unsupported (see id. at 1383-1384).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court