Combs v Madejski (2024 NY Slip Op 00558)

Combs v Madejski

2024 NY Slip Op 00558

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

995 CA 22-01342

[*1]STACIE COMBS, PLAINTIFF-RESPONDENT-APPELLANT,
v
JULIE A. MADEJSKI, M.D., AND ARTEMIS INSPIRED MEDICINE, P.C., DEFENDANTS-APPELLANTS-RESPONDENTS, THOMAS MICHAEL KOWALAK, M.D., RANDALL JAMES LOFTUS, M.D., SVETLANA . KOVTUNOVA, M.D., AND EASTERN NIAGARA HOSPITAL, INC., DEFENDANTS-RESPONDENTS. 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (KATHLEEN M. SWEET OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
BROWN CHIARI LLP, BUFFALO (THERESA M. WALSH OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-RESPONDENT THOMAS MICHAEL KOWALAK, M.D. 
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (HEDWIG M. AULETTA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal and cross-appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered August 23, 2022. The order denied in part and granted in part the motion of defendants Julie A. Madejski, M.D., and Artemis Inspired Medicine, P.C., for summary judgment, granted the motion of defendants Randall James Loftus, M.D., Svetlana V. Kovtunova, M.D., and Eastern Niagara Hospital, Inc., for summary judgment and dismissed all claims and cross-claims against defendant Thomas Michael Kowalak, M.D. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendants Julie A. Madejski, M.D., and Artemis Inspired Medicine, P.C., in its entirety and reinstating the complaint and cross-claims in their entirety against those defendants, denying in part the motion of defendants Randall James Loftus, M.D., Svetlana V. Kovtunova, M.D., and Eastern Niagara Hospital, Inc., and reinstating the complaint and cross-claims against defendants Randall James Loftus, M.D., and Eastern Niagara Hospital, Inc., and vacating the third ordering paragraph and reinstating the complaint and cross-claims against defendant Thomas Michael Kowalak, M.D., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action after she sustained a perforated bowel during a right salpingo-oophorectomy performed by defendant Julie A. Madejski, M.D., an obstetrician/gynecologist (OB/GYN), on August 27, 2013. The surgery was done laparoscopically using robotic assistance, and the perforation went undetected for several days. A few hours after she was discharged from defendant Eastern Niagara Hospital, Inc. (ENH), plaintiff contacted Dr. Madejski and reported severe abdominal pain and fever, and Dr. Madejski instructed her to go to ENH's emergency room. After consulting with a nonparty general surgeon, Dr. Madejski contacted the emergency room and ordered an abdominal and pelvic CT scan with oral, intravenous (IV), and rectal contrast. Emergency room physician defendant Thomas Michael Kowalak, M.D., wrote an order for a CT scan with oral and rectal contrast, but ENH's radiologic technologist who performed the CT scan on August 28, 2013, did so with only oral and IV contrast. The perforation was not shown on the CT scan, read by defendant radiologist Randall James Loftus, M.D. Plaintiff was discharged from the hospital on [*2]August 31, 2013, but she returned to the emergency room the following day with worsening symptoms. An exploratory surgical procedure, which was performed on September 2, 2013, by the nonparty general surgeon, assisted by Dr. Madejski, revealed the perforation.
As against Dr. Madejski and her practice, defendant Artemis Inspired Medicine, P.C. (Artemis), plaintiff alleged negligence in the performance of the August 27, 2013 surgery and postoperative care and treatment of plaintiff. As against Dr. Kowalak, Dr. Loftus, and ENH, plaintiff alleged that they were negligent in the postoperative care and treatment of plaintiff, particularly as it pertained to the August 28, 2013 CT scan.
Dr. Madejski and Artemis moved for summary judgment dismissing the complaint and cross-claims against them. Dr. Loftus, defendant Svetlana V. Kovtunova, M.D., and ENH similarly moved for summary judgment dismissing the complaint and cross-claims against them. Supreme Court denied the motion of Dr. Madejski and Artemis to the extent that plaintiff alleged that Dr. Madejski was negligent in her performance of the August 27, 2013 surgery, and otherwise granted the motion, thereby dismissing the claims of negligence based on Dr. Madejski's postoperative care of plaintiff. The court granted the motion of Dr. Loftus, Dr. Kovtunova, and ENH, thereby dismissing the complaint and cross-claims against them, and also sua sponte dismissed the complaint and cross-claims against Dr. Kowalak. Dr. Madejski and Artemis appeal, and plaintiff cross-appeals.
Contrary to the contention of Dr. Madejski and Artemis on their appeal, the court properly denied that part of their motion seeking dismissal of plaintiff's claim of negligence during the August 27, 2013 surgery. Defendants met their initial burden of establishing that Dr. Madejski did not deviate from the applicable standard of care during the surgery, that a perforation was a known and accepted risk, and that it was appropriate to perform the surgery laparoscopically using robotic assistance, rather than as an open procedure (see Bristol v Bunn, 189 AD3d 2114, 2116 [4th Dept 2020]; Wick v O'Neil, 173 AD3d 1659, 1660 [4th Dept 2019]). In opposition to the motion, however, plaintiff raised a triable issue of fact through the affirmation of her expert (see Bristol, 189 AD3d at 2116-2117). The expert opined that performing the surgery in a laparoscopic fashion was contraindicated for plaintiff and that performing the surgery in an open fashion was the required method given plaintiff's risk factors. Contrary to the contention of Dr. Madejski and Artemis, the expert opinion was not conclusory or speculative (see Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]). Rather, this case presents a classic battle of the experts, and "conflicting expert opinions may not be resolved on a motion for summary judgment" (Edwards v Devine, 111 AD3d 1370, 1372 [4th Dept 2013] [internal quotation marks omitted]; see Mason, 159 AD3d at 1439).
We reject the contention of Dr. Madejski and Artemis that plaintiff's expert, a board certified general surgeon, was not qualified to give an expert opinion on the services provided by Dr. Madejski. The expert demonstrated an understanding of the standards of care applicable to open versus laparoscopic procedures sufficient to give an opinion as to the risks and propriety of both, an opinion that "did not concern [Dr. Madejski's] specialty" as an OB/GYN (Revere v Burke, 200 AD3d 1607, 1609 [4th Dept 2021]; see generally Humphrey v Jewish Hosp. & Med. Ctr. of Brooklyn, 172 AD2d 494, 494-495 [2d Dept 1991]). It is well settled that "[a] physician need not be a specialist in a particular field to qualify as a medical expert and any alleged lack of knowledge in a particular area of expertise goes to the weight and not the admissibility of the testimony" (Moon Ok Kwon v Martin, 19 AD3d 664, 664 [2d Dept 2005]; see Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1471 [4th Dept 2020]). The general surgeon demonstrated that they possessed " 'the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable' " (Mustello v Berg, 44 AD3d 1018, 1019 [2d Dept 2007], lv denied 10 NY3d 711 [2008]; see Payne v Buffalo Gen. Hosp., 96 AD3d 1628, 1629-1630 [4th Dept 2012]).
We have considered the remaining contention raised by Dr. Madejski and Artemis on their appeal and conclude that it is without merit.
Addressing next plaintiff's cross-appeal, we note that plaintiff has raised no contentions with respect to Dr. Kovtunova, and thus plaintiff has abandoned any issues with respect to that defendant (see Sharkey v Chow, 84 AD3d 1719, 1720 [4th Dept 2011]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We agree with plaintiff that the court erred in sua [*3]sponte dismissing the complaint and cross-claims against Dr. Kowalak, and we therefore modify the order by vacating the third ordering paragraph and reinstating the complaint and any cross-claims against him. Preliminarily, "a court has the authority to search the record and grant summary judgment to a nonmoving party . . . with respect to a [claim] or issue that is the subject of the motions before the court" (Bondanella v Rosenfeld, 298 AD2d 941, 942-943 [4th Dept 2002] [internal quotation marks omitted]; see Diamond Roofing Co., Inc. v PCL Props., LLC, 153 AD3d 1577, 1579 [4th Dept 2017]), when it appears that the nonmoving party is entitled to such relief (see CPLR 3212 [b]; Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist., 217 AD3d 1363, 1366 [4th Dept 2023]).
Here, plaintiff alleged that Dr. Kowalak should have ensured that rectal contrast was used on the CT scan as he had ordered, and we conclude that the evidence before the court did not establish as a matter of law that Dr. Kowalak had no duty to ensure that his order was carried out (see generally Kless v Paul T.S. Lee, M.D., P.C., 19 AD3d 1083, 1084 [4th Dept 2005]). In support of their motion, Dr. Loftus and ENH submitted the affidavit of the radiologic technologist at ENH, who averred that, in August and September 2013, patients at ENH who underwent a diagnostic imaging study could be administered only two types of contrast mediums, i.e., IV and oral contrast, but also stated that "[p]rior to August 2013, rectal contrast was not available at [ENH] and could not be given to a patient, even if requested by a physician" (emphasis added). During his deposition, the technologist testified that he had never received the order that requested rectal contrast and that, if he had seen it, he would have used that contrast. We therefore conclude that, contrary to the court's determination, it was not "undisputed" that at the relevant time ENH did not use or have available rectal contrast, and that the court erred in dismissing the complaint and cross-claims against Dr. Kowalak on that basis.
We further agree with plaintiff on her cross-appeal that the court erred in granting that part of the motion of Dr. Madejski and Artemis for summary judgment dismissing the complaint against them to the extent that the complaint, as amplified by the bill of particulars, alleged that Dr. Madejski was negligent in her postoperative care of plaintiff. We also agree with plaintiff that the court erred in granting the motion of Dr. Loftus and ENH for summary judgment dismissing the complaint and cross-claims against them. We therefore further modify the order accordingly. Plaintiff alleged that Dr. Madejski, Artemis, Dr. Loftus, and ENH failed to ensure that rectal contrast was given to plaintiff for the CT scan. On the issue whether those defendants departed from good and accepted medical practice, we conclude that ENH failed to meet its initial burden on its motion for summary judgment. It is well settled that a hospital "may be liable in malpractice for the conceded failure of its staff to carry out a physician's order" (Kless, 19 AD3d at 1084). As a result of ENH's failure to meet its initial burden, the burden never shifted to plaintiff to raise triable issues of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). On the other hand, Dr. Madejski, Artemis, and Dr. Loftus met their initial burdens by submitting the affirmations of their experts, who opined that they did not have a duty to ensure that the CT had been performed with the contrast that was ordered. Plaintiff, however, raised a triable issue through the affirmation and affidavit of her experts (see Bristol, 189 AD3d at 2116-2117). Plaintiff's expert general surgeon opined that, in light of Dr. Madejski's concerns of a potential perforation, it was a deviation from the standard of care not to undertake any reasonable efforts to ensure that her directive to have rectal contrast administered was followed or to recognize that it had not been followed. Likewise, plaintiff's expert radiologist opined that Dr. Loftus would have been provided with the information concerning the order and its directives and upon proper review of the documentation should have recognized that the administration of rectal contrast was required but had not been administered. They opined that it was a deviation from the standard of care for Dr. Loftus not to be aware of the omission and notify Dr. Kowalak and Dr. Madejski.
On the issue of proximate cause, we agree with plaintiff that Dr. Madejski, Artemis, Dr. Loftus, and ENH failed to meet their initial burdens of establishing that any deviation from the applicable standard of care was not a proximate cause of plaintiff's injuries (see generally Bubar v Brodman, 177 AD3d 1358, 1363 [4th Dept 2019]). Those defendants submitted the deposition of Dr. Loftus, who testified that if rectal contrast had been given, he would have expected to have been able to see extravasation of contrast from a bowel perforation on the CT scan. Thus, contrary to the court's determination, there indeed was evidence to support the conclusion that the "lack of use of rectal contrast prevented a more timely diagnosis of the colon perforation." In any event, plaintiff raised a triable question of fact on the issue of causation (see Kless, 19 AD3d [*4]at 1084).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court