Mazurkiewicz v Mercy Hosp. of Buffalo (2026 NY Slip Op 01878)

Mazurkiewicz v Mercy Hosp. of Buffalo

2026 NY Slip Op 01878

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, AND HANNAH, JJ.

58 CA 25-00175

[*1]LEONARD MAZURKIEWICZ AND JENNYLU
MAZURKIEWICZ, PLAINTIFFS-APPELLANTS,
vMERCY HOSPITAL OF BUFFALO, WILLIAM M. COPLIN,
M.D., DEFENDANTS, NATHANIEL P. BILLINGS, M.D., AND NICOLE WEDZINA,
N.P., DEFENDANTS-RESPONDENTS. 

STAMM LAW FIRM, WILLIAMSVILLE (BRADLEY J. STAMM OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS. 
RICOTTA, MATTREY, CALLOCCHIA, MARKEL & CASSERT, BUFFALO
(KATHERINE V. MARKEL OF COUNSEL), FOR DEFENDANT-RESPONDENT
NATHANIEL P. BILLINGS, M.D.
BARGNESI BRITT PLLC, BUFFALO (JASON T. BRITT OF COUNSEL), FOR
DEFENDANT-RESPONDENT NICOLE WEDZINA, N.P. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.),
entered September 23, 2024, in a medical malpractice action. The order, among other
things, granted the motion of defendant Nathaniel P. Billings, M.D. for summary
judgment dismissing the complaint against him. 
It is hereby ORDERED that the appeal from that part of the order granting in part the
motion of defendants Mercy Hospital of Buffalo, William M. Coplin, M.D., and Nicole
Wedzina, N.P., is unanimously dismissed and the order is modified on the law by denying
the motion of defendant Nathaniel P. Billings, M.D. and reinstating the complaint against
him, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice action seeking
damages for injuries Leonard Mazurkiewicz (plaintiff) allegedly sustained as a result of
defendants' delay in detecting and properly treating plaintiff's stroke following his
admission to defendant Mercy Hospital of Buffalo (Mercy Hospital). Defendant
Nathaniel P. Billings, M.D. moved for summary judgment dismissing the complaint
against him. Mercy Hospital and defendants William M. Coplin, M.D., and Nicole
Wedzina, N.P. (Mercy defendants), also moved for summary judgment dismissing the
complaint against them. Supreme Court granted Billings's motion in its entirety and
granted the Mercy defendants' motion in part by, inter alia, dismissing the complaint
against Wedzina. Plaintiffs appeal.
Initially, we dismiss the appeal from that part of the order granting in part the Mercy
defendants' motion inasmuch as plaintiffs failed to provide an adequate record to permit
meaningful appellate review thereof (see Walker v County of Monroe, 216 AD3d 1429, 1429
[4th Dept 2023]; O'Neill v O'Neill, 174 AD3d 1526, 1527 [4th
Dept 2019]; Mergl v Mergl,
19 AD3d 1146, 1147 [4th Dept 2005]). "It is the obligation of the appellant to
assemble a proper record on appeal. The record must contain all of the relevant papers
that were before the [c]ourt" (Woodman v Woodman, 162 AD3d 1650, 1650-1651 [4th
Dept 2018] [internal quotation marks omitted]; see CPLR 5526). Here, the record
does not contain the Mercy defendants' answer or their motion papers and exhibits. Also
notably absent from the record is plaintiffs' bill of particulars detailing their allegations of
negligence against Wedzina.
We agree with plaintiffs that the court erred in granting Billings's motion, and we
therefore modify the order accordingly. "[A] defendant moving for summary judgment in
a medical malpractice action has the burden of establishing the absence of any departure
from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d
1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Fargnoli v Warfel, 186
AD3d 1004, 1005 [4th Dept 2020]). Once the defendant meets the initial burden, the
burden shifts to the plaintiff to raise a triable issue of fact, but "only as to the elements on
which the defendant met the prima facie burden" (Bubar, 177 AD3d at 1359
[internal quotation marks omitted]; see Bristol v Bunn, 189 AD3d 2114, 2116 [4th Dept 2020]).
Here, although the court properly determined that Billings met his initial burden on his
motion with respect to the issues of deviation from the accepted standard of medical care
and causation, we conclude that plaintiffs raised triable issues of fact in opposition as to
both issues through the submission of the affidavit of an expert neurologist and the
affirmation of an expert in emergency medicine (see Cooke v Corning Hosp., 198 AD3d 1382, 1383 [4th
Dept 2021]; Thompson v
Hall, 191 AD3d 1265, 1267 [4th Dept 2021]). Indeed, plaintiffs' experts raised
issues of fact with respect to whether plaintiff was still within the period of efficacy for
certain treatments, including tissue plasminogen activator and treatment with the
neurological care team, such that Billings should have promptly ordered those treatments.
Inasmuch as plaintiffs' expert submissions "squarely oppose[d]" the moving party's expert
submissions, the result is "a classic battle of the experts that is properly left to a jury for
resolution" (Cully v
Ricottone, 228 AD3d 1240, 1240 [4th Dept 2024] [internal quotation marks
omitted]; see Blendowski v Wiese [appeal No. 2], 158 AD3d 1284, 1286 [4th
Dept 2018]). This is not a case in which plaintiffs' expert submissions are " 'vague,
conclusory, speculative, and unsupported by the medical evidence in the record before us'
" (Occhino v Fan, 151
AD3d 1870, 1871 [4th Dept 2017]; see also Diaz v New York Downtown
Hosp., 99 NY2d 542, 544-545 [2002]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court