■ SHARON OCCHINO et al., Appellants, v X. CYNTHIA FAN, M.D., PH.D., et al., Respondents. [57 NYS3d 325]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered May 22, 2015. The order granted the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this medical malpractice action, plaintiffs appeal from an order granting defendants' motion for summary judgment dismissing the complaint. We affirm. Plaintiffs commenced this action seeking damages for injuries plaintiff Sharon Occhino (plaintiff) allegedly sustained because of a seven-month delay in diagnosing her breast cancer. On April 12, 2010, plaintiff presented to defendant Windsong Radiology, P.C. (Windsong) for a screening mammogram. Defendant X. Cynthia Fan, M.D. interpreted the mammogram, finding that there were "[n]o suspicious nodules, microcalcifications, architectural distortion, or abnormality of the skin or nipples" and that there was "no evidence of malignancy." Seven months later, after feeling a lump in her breast during a self-examination, plaintiff again presented to Windsong for a

diagnostic mammogram, following which she was diagnosed with invasive ductal carcinoma. She underwent a lumpectomy with axillary lymph node dissection, chemotherapy, radiation therapy and hormone replacement therapy.

Defendants moved for summary judgment and thus had "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (*Bagley v Rochester Gen. Hosp.*, 124 AD3d 1272, 1273 [2015]). Supreme Court determined that defendants met their initial burden of establishing both that defendants did not deviate or depart from the applicable standard of care and that any alleged departure did not cause any injury to plaintiff. Plaintiffs, on this appeal, do not challenge that determination.

Plaintiffs contend that the affidavit of their expert raised triable issues of fact sufficient to defeat defendants' motion. We reject that contention. In order to defeat the motion, plaintiffs were required to submit a physician's affidavit establishing both that defendants deviated from the applicable standard of care and that such deviation was a proximate cause of plaintiff's injuries (*see id.*). It is well settled that "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *see Bagley*, 124 AD3d at 1273). Where, as here, "the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, . . . . [his or her] opinion should be given no probative force and is insufficient to withstand summary judgment" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *see Bagley*, 124 AD3d at 1273).

In the affidavit in opposition to defendants' motion, plaintiffs' expert physician misstates the facts in the record, stating that Dr. Fan had noted a "nodular density" or "suspicious area" in the April 2010 mammogram. That is factually incorrect. Neither Dr. Fan nor plaintiff's treating physician, in subsequently reviewing that mammogram, had noted anything abnormal in that mammogram. Thus, any statements to the contrary are "unsupported by any evidentiary foundation" (*Diaz*, 99 NY2d at 544). The additional claims of plaintiffs' expert physician are "vague, conclusory, speculative, and unsupported by the medical evidence in the record before us" (*Bagley*, 124 AD3d at 1274). We therefore conclude that plaintiffs failed to raise a triable issue of fact, and that defendants were entitled to summary judgment dismissing the complaint.

Based on our determination, we do not reach plaintiffs' remaining contentions concerning causation. Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.