Mason v Adhikary (2018 NY Slip Op 01804)





Mason v Adhikary


2018 NY Slip Op 01804


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


359 CA 17-01741

[*1]CHRISTINE MASON, PLAINTIFF-RESPONDENT,
v
RAVI ADHIKARY, M.D., AND KATHERINE WILLER, D.O., DEFENDANTS-APPELLANTS. 






SUGARMAN LAW FIRM LLP, SYRACUSE (JEFFREY M. NARUS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
DEFRANCISCO & FALGIATANO LLP, EAST SYRACUSE (JEANMARIE WESTLAKE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered January 20, 2017. The order denied defendants' motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, defendants appeal from an order denying their motion for summary judgment dismissing the complaint. We affirm. Plaintiff commenced this action seeking damages for injuries she allegedly sustained as a result of a delay in diagnosing her breast cancer. On July 3, 2013, plaintiff presented to defendant Ravi Adhikary, M.D. after she and her general practitioner had discovered a lump in her left breast. Plaintiff underwent bilateral mammograms, mammograms with magnification, and bilateral ultrasounds. Adhikary reviewed and interpreted the imaging, finding that there were "likely benign cystic lesions in [plaintiff's] breast," including a "palpable area" that was approximately six centimeters by four centimeters in size in the left breast. Adhikary classified the lesions as "probably benign," and recommended that plaintiff have follow-up imaging performed in six months. Adhikary did not conduct a biopsy. Plaintiff had follow-up imaging performed six months later, and defendant Katherine Willer, D.O. reviewed and interpreted the study. Willer found "numerous complicated cysts, clustered microcysts, and complex cystic areas in both breasts[,] and no suspicious lesion was seen in either breast[]." She recommended that plaintiff have follow-up imaging performed in July 2014. Willer did not conduct a biopsy. Plaintiff did not have follow-up imaging performed in July 2014, and she was diagnosed with stage four breast cancer during a hospital stay in May 2015. The cancer had metastasized to other parts of her body, and plaintiff's diagnosis was terminal.
Plaintiff does not dispute that defendants met their initial burden on their motion, and defendants' sole contention on appeal is that Supreme Court erred in determining that the affidavit of plaintiff's expert raised a triable issue of fact sufficient to defeat defendants' motion. We reject that contention. Where, as here, a nonmovant's expert affidavit "squarely opposes" the affirmation of the moving parties' expert, the result is "a classic battle of the experts that is properly left to a jury for resolution" (Blendowski v Wiese, — AD3d &mdash, &mdash, 2018 NY Slip Op 00973, *2 [4th Dept 2018] [internal quotation marks omitted]). This is not a case in which plaintiff's expert "misstate[d] the facts in the record," nor is the affidavit
" vague, conclusory, [or] speculative' " (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]; see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court