Wick v O'Neil (2019 NY Slip Op 04561)





Wick v O'Neil


2019 NY Slip Op 04561


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


414 CA 18-02192

[*1]JAMES WICK, PLAINTIFF-RESPONDENT,
v
DAVID C. O'NEIL, M.D., Ph.D., ET AL., DEFENDANTS, MARY L. TURKIEWICZ, M.D., MARY L. TURKIEWICZ, M.D., P.C., AND SOUTHTOWNS RADIOLOGY ASSOCIATES, LLC, DEFENDANTS-APPELLANTS. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MARK SPITLER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 3, 2018. The order, insofar as appealed from, denied the motion of defendants Mary L. Turkiewicz, M.D., Mary L. Turkiewicz, M.D., P.C., and Southtowns Radiology Associates, LLC, for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action against defendants-appellants (defendants) and others seeking damages for injuries he allegedly sustained as a result of their negligent diagnosis, care, and treatment of his Charcot foot. Defendants appeal from an order insofar as it denied their motion for summary judgment dismissing the complaint against them. We affirm.
After experiencing pain in his left foot, plaintiff went to defendant Southtowns Radiology Associates, LLC for an X ray of his left foot and ankle. On the same day, defendant Mary L. Turkiewicz, M.D., reviewed the X ray, determined that plaintiff had "Charcot joint at the forefoot" of his left foot, and conveyed those findings to plaintiff's primary care physician. Several days later, plaintiff saw his primary care physician, who noted in plaintiff's record "Charcots arthritis" and recommended that plaintiff lose weight. Eight days after that appointment, plaintiff underwent a bone scan, after which his primary care physician prescribed a walking boot for plaintiff. A week later, plaintiff sought a second opinion from an orthopaedic surgeon, who diagnosed plaintiff with Charcot foot and immediately treated plaintiff with a total contact cast and directed plaintiff not to bear weight on his left foot. Plaintiff's foot worsened and, almost four months after he obtained the second opinion, he underwent a below-the-knee amputation.
We reject defendants' contention that Supreme Court erred in denying their motion. Preliminarily, there is no dispute that defendants met their initial burden on their motion by submitting the affidavit of Turkiewicz, in which she addressed each of the factual allegations of negligence raised in plaintiff's bill of particulars (see Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]) and established that she did not deviate from the applicable standard of care (see Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]; Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273 [4th Dept 2015]).
Contrary to defendants' contention, however, plaintiff raised a triable issue of fact sufficient to defeat the motion by submitting his experts' affidavits, which established "both that defendants deviated from the applicable standard of care and that such deviation was a proximate cause of plaintiff's injuries" (Occhino, 151 AD3d at 1871; see Blendowski v Wiese [appeal No. 2], 158 AD3d 1284, 1286 [4th Dept 2018]; see also Chillis v Brundin, 150 AD3d 1649, 1650 [4th Dept 2017]). At the outset, we reject defendants' contention that plaintiff's orthopaedic expert failed to offer an adequate foundation for his opinions regarding how Turkiewicz deviated from the standard of care. "It is well recognized that a plaintiff's expert need not have practiced in the same speciality as the defendants" (Payne v Buffalo Gen. Hosp., 96 AD3d 1628, 1629 [4th Dept 2012]), and we conclude that plaintiff's orthopaedic expert laid an adequate foundation to support the reliability of his opinion (see generally id. at 1629-1630).
Additionally, plaintiff's orthopaedic expert opined that Turkiewicz had misdiagnosed plaintiff's Charcot foot as "chronic" rather than "acute" and that Turkiewicz's diagnosis of plaintiff therefore deviated from the standard of care. Thus, because that opinion squarely conflicts with the opinion in Turkiewicz's affidavit that she had properly diagnosed plaintiff and exceeded the standard of care, the affidavits present a "classic battle of the experts' that is properly left to a jury for resolution" (Blendowski, 158 AD3d at 1286).
Plaintiff also submitted the affidavit of a primary care expert, who opined that plaintiff's primary care physician had deviated from the acceptable standard of care by, inter alia, failing to immediately refer plaintiff to an orthopaedic specialist for an urgent consultation and that the deviation proximately caused plaintiff's injuries. Plaintiff, however, also submitted the affidavit of his primary care physician, wherein the primary care physician averred that, in treating plaintiff, he had relied on Turkiewicz's report, which he read as diagnosing plaintiff with a chronic condition and thus led him to treat plaintiff's condition rather than referring him for an urgent consultation. We therefore conclude that plaintiff also raised a triable issue of fact whether Turkiewicz's alleged misdiagnosis of plaintiff was a proximate cause of plaintiff's injuries.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court