Fargnoli v Warfel (2020 NY Slip Op 04641)





Fargnoli v Warfel


2020 NY Slip Op 04641


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


159 CA 19-00684

[*1]ANTHONY FARGNOLI, PLAINTIFF-RESPONDENT,
v
MARK WARFEL, D.O., MARK WARFEL, D.O., P.C., ST. ELIZABETH'S FAMILY PRACTICE, ST. ELIZABETH'S MEDICAL CENTER, IMAGING AT ST. ELIZABETH'S MEDICAL ARTS, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






GALE GALE & HUNT, LLC, SYRACUSE (CATHERINE A. GALE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ROBERT F. JULIAN, P.C., UTICA (ROBERT F. JULIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered January 18, 2019. The order denied in part the motion of defendants-appellants seeking summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action arising from plaintiff's allegations that, among other things, defendants were negligent in failing to timely diagnose his breast cancer, defendants-appellants (defendants) appeal from an order that, inter alia, denied in part the motion of defendants for summary judgment dismissing the complaint against them. We affirm.
On a motion seeking summary judgment dismissing a medical malpractice cause of action, " a defendant has the burden of establishing, prima facie, that he or she did not deviate from the good and accepted standard of . . . care, or that any such deviation was not a proximate cause of the plaintiff's injuries' " (Culver v Simko, 170 AD3d 1599, 1600 [4th Dept 2019]; see Kubera v Bartholomew, 167 AD3d 1477, 1479 [4th Dept 2018]). Here, as defendants essentially concede, their submissions in support of the motion with respect to the medical malpractice causes of action addressed only deviation, inasmuch as their expert affirmation mentioned causation only in a fleeting and conclusory manner (see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 545 [2002]; Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]). Thus, because defendants did not meet their initial burden with respect to causation, we conclude that plaintiff was not required to address that element in his opposition to the motion (see Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]; Bhim v Dourmashkin, 123 AD3d 862, 864 [2d Dept 2014]).
With respect to deviation from the standard of care, however, we conclude that defendants met their initial burden through the submission of the detailed expert affirmation of an internal medicine physician. Defendants' expert opined, in a nonconclusory manner, that defendants' treatment of plaintiff in the two years leading up to his cancer diagnosis was consistent with the accepted standard of care and that defendants took timely action in responding to plaintiff's changing condition during that time (see Nevarez v University of Rochester, 173 AD3d 1640, 1641 [4th Dept 2019]; Boland v Imboden, 163 AD3d 1408, 1409 [4th Dept 2018], lv denied 32 NY3d 912 [2019]; Chillis v Brundin, 150 AD3d 1649, 1650 [4th Dept 2017]). 
We further conclude that plaintiff raised an issue of fact with respect to deviation in opposition to defendants' motion. Where, as here, a plaintiff's detailed expert affirmation "squarely opposes" the affirmation of a defendant's expert, the result is "a classic battle of the experts that is properly left to a jury for resolution" (Blendowski v Wiese [appeal No. 2], 158 AD3d 1284, 1286 [4th Dept 2018] [internal quotation marks omitted]; see Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]). Plaintiff's expert affirmation is sufficient to raise an issue of fact, inasmuch as we conclude that it does not "misstate[] the facts in the record" and it is not " vague, conclusory, [or] speculative' " (Occhino, 151 AD3d at 1871; see Diaz, 99 NY2d at 544; cf. Bubar, 177 AD3d at 1362).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court