Julius v County of Erie (2021 NY Slip Op 04302)





Julius v County of Erie


2021 NY Slip Op 04302


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


374 CA 20-01041

[*1]MICHAEL JULIUS AND KELLY JULIUS, PLAINTIFFS-APPELLANTS,
v
COUNTY OF ERIE, DEFENDANT-RESPONDENT. 






RICHARD S. BINKO, CHEEKTOWAGA, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 11, 2020. The order, among other things, granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the complaint is reinstated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Michael Julius (plaintiff) while he was delivering a package to the Erie County Holding Center (Holding Center). Defendant moved for summary judgment dismissing the complaint on several grounds, and Supreme Court, relying in part on Metcalf v County of Erie (173 AD3d 1799 [4th Dept 2019]), granted the motion on the ground that defendant owed no duty of care to plaintiffs. In light of its determination, the court did not consider the alternative grounds for summary judgment raised in defendant's motion.
We agree with plaintiffs that defendant failed to meet its initial burden of establishing as a matter of law that it owed no duty to plaintiffs, and the court thus erred in granting the motion on that ground. Indeed, defendant's own submissions in support of the motion raise triable issues of fact whether it owed plaintiffs a duty of care inasmuch as they establish that maintenance workers from the Holding Center, who were employed by defendant, dumped allegedly toxic liquid in a parking lot behind the Holding Center that came into contact with plaintiff as he was walking through the parking lot to make his delivery. Further, because plaintiffs' claim arises from the actions of maintenance workers employed by defendant during their performance of a maintenance function in a parking lot owned by defendant, the court's reliance on Metcalf is misplaced. The incident here did not involve an inmate or the actions of a Sheriff's deputy (see id. at 1800), and defendant's submissions do not establish that plaintiff's injury arises from a jail condition over which the Sheriff maintained custody and control (cf. Snyder v Plank, 77 AD3d 1332, 1332-1333 [4th Dept 2010]; see generally Dugan v County of Rensselaer, 67 NY2d 979, 980-981 [1986]).
The court did not address the alternative grounds for summary judgment raised in the motion, and we therefore remit the matter to Supreme Court to "consider those grounds and determine the . . . motion anew" (Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop. Co., LLC, 181 AD3d 1180, 1181 [4th Dept 2020]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court