Clark v Rachfal (2022 NY Slip Op 04472)

Clark v Rachfal

2022 NY Slip Op 04472

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

405 CA 21-00235

[*1]GERALDINE CLARK AND MOSES CLARK, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
STEPHAN J. RACHFAL, M.D., DEFENDANT, JOHN CUCINOTTA, M.D., CROUSE RADIOLOGY ASSOCIATES, LLP, DEFENDANTS-APPELLANTS, CROUSE HOSPITAL EMERGENCY MEDICINE DEPARTMENT, CROUSE HEALTH HOSPITAL, INC. AND KRISTA J. KANDEL, M.D., DEFENDANTS-RESPONDENTS. 

ROBERT E. LAHM & ASSOCIATES, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 
SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
GALE, GALE & HUNT, LLC, FAYETTEVILLE (MINLA KIM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CROUSE HOSPITAL EMERGENCY MEDICINE DEPARTMENT AND CROUSE HEALTH HOSPITAL, INC. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-RESPONDENT KRISTA J. KANDEL, M.D. 

 Appeals from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered February 2, 2021. The order denied the motion of defendants John Cucinotta, M.D., and Crouse Radiology Associates, L.L.P. for summary judgment and granted the motions of defendant Krista J. Kandel, M.D. and defendants Crouse Hospital Emergency Medicine Department and Crouse Health Hospital, Inc., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motions of defendant Krista J. Kandel, M.D. and defendants Crouse Health Hospital, Inc. and Crouse Hospital Emergency Medicine Department and reinstating the complaints against those defendants, and as modified the order is affirmed without costs.
Memorandum: In this medical malpractice action, plaintiffs and defendants John Cucinotta, M.D. and Crouse Radiology Associates, LLP (radiology defendants) appeal from an order that, inter alia, granted the motions of defendants Krista J. Kandel, M.D., Crouse Health Hospital, Inc. and Crouse Hospital Emergency Medicine Department (hospital defendants) seeking summary judgment dismissing the complaints against them, and denied the radiology defendants' motion for summary judgment dismissing the complaint against them.
On October 27, 2017, Geraldine Clark (plaintiff) woke at 3 a.m. with symptoms including seeing flashing lights and having difficulty thinking and speaking. When those symptoms continued into the afternoon, she traveled to Crouse Hospital Emergency Medicine Department, where she was admitted shortly after 4 p.m. Although plaintiff was no longer experiencing symptoms of stroke and was assessed a "0" on the stroke scale by defendant Stephan J. Rachfal, M.D., her admitting doctor, Dr. Rachfal nevertheless ordered that she undergo several scans, and at 8:32 p.m. a brain MRI was administered. At 11 p.m., although the MRI had not yet been reviewed, Dr. Kandel discharged plaintiff from the hospital. Dr. Cucinotta, a general radiologist, [*2]performed a preliminary review of plaintiff's brain MRI later that evening and found no evidence of stroke. However, when a neuroradiologist performed a final review of the brain MRI the following morning, he found an acute infarct, i.e., a stroke. Plaintiff returned to the hospital the morning of October 28 exhibiting new symptoms including facial droop and weakness in her extremities.
Plaintiffs commenced this action seeking damages for injuries that plaintiff allegedly sustained as a result of Dr. Kandel's and Dr. Cucinotta's negligence in failing to diagnose and treat a stroke that plaintiff suffered while under their care, and alleged that the other defendants are vicariously liable for that negligence.
We agree with plaintiffs on their appeal that the court erred in granting the hospital defendants' motions, and we therefore modify the order accordingly. On a motion seeking summary judgment dismissing a medical malpractice cause of action, " 'a defendant has the burden of establishing, prima facie, that he or she did not deviate from [the] good and accepted standard[] of . . . care, or that any such deviation was not a proximate cause of the plaintiff's injuries' " (Culver v Simko, 170 AD3d 1599, 1600 [4th Dept 2019]; see Kubera v Bartholomew, 167 AD3d 1477, 1479 [4th Dept 2018]). Once such a defendant meets the initial burden, "[t]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact . . . only as to the elements on which the defendant met the prima facie burden" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Bristol v Bunn, 189 AD3d 2114, 2116 [4th Dept 2020]).
We conclude that the hospital defendants met their initial burden on their motions with respect to both deviation and causation by submitting evidence establishing that Dr. Kandel did not "deviate or depart from the applicable standard of care and that any alleged departure did not cause any injury to plaintiff" (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]).
We agree with plaintiffs, however, that, by submitting the affidavit of their expert, they raised an issue of fact on the issue whether Dr. Kandel deviated from the standard of care (see generally Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]). Dr. Kandel permitted plaintiff to leave the hospital before her brain MRI had undergone a final review by a neuroradiologist. Plaintiffs' expert opined that discharging plaintiff before a final review of the scans was complete constituted a deviation from the standard of care in light of plaintiff's medical history, which indicated a significant stroke risk.
We further conclude that plaintiffs raised a question of fact with respect to causation in opposition to the motions of the hospital defendants. The hospital defendants relied upon the affirmation of Dr. Kandel's medical expert, who opined that any alleged negligence is not the proximate cause of plaintiff's injuries inasmuch as plaintiff suffered a stroke at or before 3 a.m. on October 27, and that the window in which to administer tPA, an anti-clot medication, had closed long before plaintiff arrived at the hospital for treatment approximately 13 hours later. In opposition, plaintiffs submitted an expert affidavit asserting, inter alia, that the symptoms plaintiff experienced on the morning of October 27 were the result of a transient ischemic attack (TIA), which results in temporary stroke-like symptoms but does not result in a blockage, and that she did not experience the actual blockage until sometime later in the day, around the time of her brain MRI. Plaintiffs' expert further opined that, had plaintiff stayed at the hospital overnight and had the MRI been read correctly, tPA could have been administered when plaintiff's new symptoms presented. We therefore conclude that the conflicting expert opinions present issues of fact whether the hospital defendants' actions led to plaintiff's injuries (see generally Hatch v St. Joseph's Hosp. Health Ctr., 174 AD3d 1404, 1406 [4th Dept 2019]).
For the same reasons, we agree with the radiology defendants that they met their initial burden on their motion with respect to causation (see generally Occhino, 151 AD3d at 1871), but conclude that the affirmation of plaintiffs' expert raised a triable issue of fact in opposition (see generally Mason, 159 AD3d at 1439), and we therefore reject the radiology defendants' contention on their appeal that the court erred in denying their motion. We note that, assuming, arguendo, that the radiology defendants met their initial burden with respect to deviation from the standard of care, they do not challenge the court's determination that plaintiffs raised a triable issue of fact with respect to deviation and thus have abandoned any contention with respect thereto (see Ciesinksi v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Contrary to defendants' contentions, this is not a case in which plaintiffs' expert "misstate[d] the facts in the record," nor is the affidavit " 'vague, conclusory, speculative, [or] unsupported by the medical evidence in the record' " (Occhino, 151 AD3d at 1871; see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). The record establishes that plaintiff's symptoms did appear to resolve between the time that she traveled to the hospital and the time that she was admitted as a patient, and the radiology defendants submitted the deposition testimony of a physician who stated that the resolution of plaintiff's symptoms was consistent with a TIA, and may be a warning sign of an upcoming stroke. Instead, this presents a "a classic battle of the experts that is properly left to a jury for resolution" (Blendowski v Wiese [appeal No. 2], 158 AD3d 1284, 1286 [4th Dept 2018] [internal quotation marks omitted]; see Mason, 159 AD3d at 1439).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court