Finnegan v Kasowitz (2025 NY Slip Op 03458)

Finnegan v Kasowitz

2025 NY Slip Op 03458

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

375 CA 24-01183

[*1]RACHEL L. FINNEGAN, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DANIEL J. FINNEGAN, JR., DECEASED, PLAINTIFF-RESPONDENT,
v
MARK H. KASOWITZ, M.D., SEKOU R. RAWLINS, M.D., AND SYRACUSE GASTROENTEROLOGICAL ASSOCIATES, P.C., DEFENDANTS-APPELLANTS. 

MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (CHARLES E. PATTON OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
PORTER LAW GROUP, SYRACUSE (MARY E. LANGAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered June 5, 2024. The order denied defendants' motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice, lack of informed consent, and wrongful death action seeking damages for decedent's injuries and death as a result of the alleged negligent treatment provided to decedent at defendant Syracuse Gastroenterological Associates, P.C. (SGA) by defendants Mark H. Kasowitz, M.D., and Sekou R. Rawlins, M.D. Plaintiff's complaint, as amplified by the bill of particulars, alleges that Rawlins failed to properly and adequately advise decedent of the importance of undergoing surveillance colonoscopies, in light of his medical history and his increased risk of colorectal cancer. According to plaintiff, had decedent undergone an earlier colonoscopy, the cancer diagnosis would have occurred at a time when curative treatments would have been available. Defendants moved for, inter alia, summary judgment dismissing the complaint against Rawlins and partial summary judgment dismissing claims of vicarious liability against SGA for care rendered by Rawlins. Defendants now appeal from an order denying their motion. We affirm.
Defendants contend that Supreme Court erred in denying their motion because plaintiff failed to raise a triable issue of fact whether Rawlins' failure to advise decedent regarding the importance of undergoing colonoscopies proximately caused decedent's death. We reject that contention. Assuming, arguendo, that defendants met their initial burden on their motion (see generally Thomas v Eckhert, 229 AD3d 1237, 1239 [4th Dept 2024]), we conclude that plaintiff raised a triable issue of fact regarding proximate causation when she submitted expert affidavits from a gastroenterologist and an oncologist, both of whom opined that if decedent's cancer had been discovered several months earlier, decedent would have had a greater chance of survival (see Wiater v Lewis, 197 AD3d 782, 784 [2d Dept 2021]; Clune v Moore, 142 AD3d 1330, 1331-1332 [4th Dept 2016]; Schaub v Cooper, 34 AD3d 268, 271 [1st Dept 2006]). We also reject defendants' contention that plaintiff's experts' opinions were conclusory and speculative. Instead, the opinions present "a classic battle of the experts," with regard to both deviation and causation, "which should be determined by the trier of fact" (Grammatico v Lamar, 224 AD3d 1376, 1378 [4th Dept 2024] [internal quotation marks omitted]; see Clark v Rachfal, 207 AD3d 1173, 1176 [4th Dept 2022], amended on rearg 210 AD3d 1456 [4th Dept 2022]; Fargnoli v Warfel, 186 AD3d 1004, 1005 [4th Dept 2020]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court