Shakyra M. v Strittmatter (2025 NY Slip Op 04309)

Shakyra M. v Strittmatter

2025 NY Slip Op 04309

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

329 CA 24-00213

[*1]SHAKYRA M., AS MOTHER AND NATURAL GUARDIAN OF INFANT, J.M., PLAINTIFF-RESPONDENT,
v
CHAD STRITTMATTER, M.D., ET AL., DEFENDANTS, AND GEORGE ALBERT, M.D., DEFENDANT-APPELLANT. 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MARK C. BACHMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
DUFFY & DUFFY, PLLC, UNIONDALE (JILLIAN ROSEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered January 29, 2024 in a medical malpractice action. The order denied the motion of defendant George Albert, M.D., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries allegedly sustained by her son (child) during his birth as a result of, inter alia, the negligent failure of defendant George Albert, M.D. to determine that the child suffered from hypoxic-ischemic encephalopathy (HIE) and to treat that condition with hypothermic therapy (cooling therapy) to prevent or lessen the brain damage caused by HIE. Albert appeals from an order that denied his motion for summary judgment dismissing the complaint against him. We affirm.
On a motion for summary judgment in a medical malpractice action, a defendant has "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017] [internal quotation marks omitted]; see Isensee v Upstate Orthopedics, LLP, 174 AD3d 1520, 1521 [4th Dept 2019]). There is no dispute here that defendant met his initial burden on the motion with respect to both issues through the submission of an affirmation from a neonatologist, who opined that defendant did not deviate from the standard of care by failing to administer cooling therapy to the child inasmuch as the child did not meet the strict protocol, in effect at the time of the child's birth, necessary to warrant such treatment. Additionally, defendant's expert opined that the failure to administer cooling therapy to the child here was not a substantial factor in causing or contributing to the child's injuries.
Consequently, "the burden shifted to plaintiff[ ] to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that defendant['s] departure from that standard of care was a proximate cause of the injur[ies]" (Isensee, 174 AD3d at 1522; see Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]). Here, we conclude that Supreme Court properly denied the motion because plaintiff raised a question of material fact with respect to both deviation from the standard of care and causation by submitting, inter alia, an affidavit from an expert in neonatology and pediatrics who opined that the criteria for the administration of cooling therapy relied on by defendant's expert were inaccurate and incomplete and that, at the time in question, the child did qualify for the use [*2]of cooling therapy. Moreover, we conclude that plaintiff's expert adequately raised a question of fact with respect to causation by opining that the failure to administer cooling therapy was a substantial factor in causing the child's injuries inasmuch as the use of cooling therapy would have slowed the brain damage caused by HIE, resulting in a better outcome for the child. Contrary to defendant's contention, this is not a case where plaintiff's expert affidavit was " 'vague, conclusory, speculative, [or] unsupported by the medical evidence in the record' " (Occhino, 151 AD3d at 1871; see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Rather, on the question whether cooling therapy was contraindicated for the child and whether the failure to administer that therapy proximately caused the child's injuries, plaintiff's expert affidavit "squarely oppose[d]" the affirmation of defendant's expert, which resulted in "a classic battle of the experts that is properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Cully v Ricottone, 228 AD3d 1240, 1240 [4th Dept 2024]; Lewis v Sulaiman, 217 AD3d 1443, 1445 [4th Dept 2023]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court