Nims v Riley (2026 NY Slip Op 00698)

Nims v Riley

2026 NY Slip Op 00698

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND HANNAH, JJ.

129 CA 25-00365

[*1]JAMES NIMS, III, AND SABRINA NIMS, PLAINTIFFS-RESPONDENTS,
vJAMES T. RILEY, M.D., SAMARITAN MEDICAL CENTER, JEFFERSON ANESTHESIOLOGIST SERVICES, P.C., SUSAN M. WALKER, FNP-C, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

O'CONNOR FIRST, BINGHAMTON (RACHEL E. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT JAMES T. RILEY, M.D. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR DEFENDANT-APPELLANT SAMARITAN MEDICAL CENTER.
BROWN, GRUTTADARO & PRATO, PLLC, ROCHESTER (JOHN M. CONIGLIO OF COUNSEL), FOR DEFENDANTS-APPELLANTS JEFFERSON ANESTHESIOLOGIST SERVICES, P.C. AND SUSAN M. WALKER, FNP-C. 
DEFRANCISCO & FALGIATANO, LLP, EAST SYRACUSE (CHARLES L. FALGIATANO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeals from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered September 3, 2024. The order denied the motions of defendants Jefferson Anesthesiologist Services, P.C., Susan M. Walker, FNP-C, James T. Riley, M.D. and Samaritan Medical Center for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action seeking damages for injuries that plaintiff James Nims, III, allegedly sustained as a result of defendants' negligence in, inter alia, failing to timely diagnose a deep vein thrombosis and to provide appropriate treatment for that condition, defendants Susan M. Walker, FNP-C (Walker) and Jefferson Anesthesiologist Services, P.C. (Jefferson); defendant James T. Riley, M.D.; and defendant Samaritan Medical Center appeal from an order denying their respective motions for summary judgment dismissing the complaint against them. We affirm.
In moving for summary judgment in a medical malpractice action, a defendant has "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017] [internal quotation marks omitted]). We conclude that defendants met their initial burden on their respective motions with respect to the alleged deviations from the accepted standard of medical care, and the burden thus " 'shift[ed] to . . . plaintiff[s] to demonstrate the existence of a triable issue of fact . . . as to the elements on which . . . defendant[s] met the prima facie burden' " (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]). In opposition, however, plaintiffs submitted the affirmation of a pain management expert and the affirmation of an expert vascular surgeon, both of which "squarely oppose[d]" the affirmations of defendants' experts, resulting in "a classic battle of the experts that is properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Thomas v Eckhert, 229 AD3d [*2]1237, 1239 [4th Dept 2024]).
We have considered the remaining contentions of Walker and Jefferson and conclude that they lack merit.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court