Ashley v Upstate Emergency Medicine, Inc. (2026 NY Slip Op 01689)

Ashley v Upstate Emergency Medicine, Inc.

2026 NY Slip Op 01689

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

890 CA 25-00150

[*1]JUSTIN K. ASHLEY, PLAINTIFF-RESPONDENT,
vUPSTATE EMERGENCY MEDICINE, INC., ANTHONY J. KLIMEK, III, M.D., AND DIANE B. TSCHUDI, P.A., DEFENDANTS-APPELLANTS. 

SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
DEFRANCISCO & FALGIATANO, LLP, SYRACUSE, D.J. & J.A. CIRANDO, PLLC (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered October 28, 2024. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries that he allegedly sustained as a result of negligent treatment provided to him by defendant Diane B. Tschudi, P.A., and Tschudi's supervising physician, defendant Anthony J. Klimek, III, M.D. Plaintiff also seeks damages for alleged vicarious liability on the part of defendant Upstate Emergency Medicine, Inc. (UEM), which employed Klimek. Plaintiff's complaint, as amplified by the bill of particulars, alleges that when he presented to the emergency room at a nonparty hospital with severe upper back pain, defendants failed to timely and properly diagnose and treat his spinal abscess, which resulted in his injuries. Defendants moved for summary judgment dismissing the complaint, and they now appeal from an order denying their motion. We affirm.
On their motion, defendants had "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause . . . plaintiff's injuries" (Zielinski v Blessios, 227 AD3d 1385, 1386 [4th Dept 2024] [internal quotation marks omitted]). Defendants met that burden through the submission of the affirmation of an expert physician which was "detailed, specific and factual in nature and addressed each negligence claim raised in [plaintiff's] bill of particulars" (Kristie M. v Mercy Hosp. of Buffalo, 240 AD3d 1228, 1229 [4th Dept 2025]).
Inasmuch as defendants met their initial burden on the motion by establishing that they did not deviate from the accepted standard of care, the burden shifted to plaintiff to raise a triable issue of fact by submitting an expert's affidavit attesting to a departure from the accepted standard of care (see generally Kristie M., 240 AD3d at 1229; Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]). Plaintiff met that burden with respect to his claims against Tschudi through the submission of expert affidavits from a board-certified emergency room physician licensed to practice medicine in New Jersey opining that Tschudi deviated from the applicable standard of care in her treatment of plaintiff.
Defendants contend that the opinion of plaintiff's expert was insufficient to raise an issue of fact with respect to deviation from the applicable standard of care because the expert was not [*2]familiar with the standard of care applicable in New York. We reject that contention inasmuch as the expert stated that he was familiar with the standard of care in New York because the expert had worked in emergency rooms in New York and with physicians from New York and New York has the same emergency room standard of care as in New Jersey and nationally (see M.C. v Huntington Hosp., 175 AD3d 578, 580-581 [2d Dept 2019]; see generally Nestorowich v Ricotta, 97 NY2d 393, 398 [2002]; Sanchez v VanRiper, 217 AD3d 1358, 1359 [4th Dept 2023]).
We also reject defendants' contention that plaintiff's expert's opinion was conclusory and speculative. Instead, the opinions present "a classic battle of the experts that is properly left to a jury for resolution" (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018] [internal quotation marks omitted]; see Clark v Rachfal, 207 AD3d 1173, 1176 [4th Dept 2022], amended on rearg 210 AD3d 1456 [4th Dept 2022]; Fargnoli v Warfel, 186 AD3d 1004, 1005 [4th Dept 2020]). We therefore conclude that Supreme Court properly denied defendants' motion insofar as it sought to dismiss plaintiff's claims against Tschudi.
We further conclude that Klimek failed to demonstrate as a matter of law that he appropriately supervised Tschudi (see Education Law § 6542 [1]) and was otherwise not "medically responsible" for her alleged malpractice (10 NYCRR 94.2 [f]; see Kubera v Bartholomew, 167 AD3d 1477, 1481 [4th Dept 2018]). Thus, we conclude that the court properly denied defendants' motion insofar as it sought to dismiss the claims against Klimek. Moreover, in light of our determination, we also conclude with respect to plaintiff's claims against UEM based on the doctrine of respondeat superior (see Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]), that the court properly denied the motion insofar as it sought to dismiss the claims against UEM, inasmuch as it is undisputed that Klimek was employed by UEM.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court