Hutchins v Mestad (2026 NY Slip Op 01900)

Hutchins v Mestad

2026 NY Slip Op 01900

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, GREENWOOD, DELCONTE, AND
HANNAH, JJ.

885 CA 24-00772

[*1]MELISSA HUTCHINS, FORMERLY KNOWN AS
MELISSA PANARESE, PLAINTIFF-APPELLANT,
vRENEE E. MESTAD, M.D., AND CROUSE HEALTH HOSPITAL,
INC., DEFENDANTS-RESPONDENTS. 

DEFRANCISCO & FALGIATANO, LLP, SYRACUSE, D.J. & J.A.
CIRANDO, PLLC (JOHN A. CIRANDO OF COUNSEL), FOR
PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF
COUNSEL), FOR DEFENDANT-RESPONDENT RENEE E. MESTAD, M.D. 
GALE GALE & HUNT, LLC, FAYETTEVILLE (MATTHEW C. WALSH OF
COUNSEL), FOR DEFENDANT-RESPONDENT CROUSE HEALTH HOSPITAL,
INC.

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E.
Lamendola, J.), entered May 13, 2024. The order granted the motions of defendants for
summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on
the law without costs, the motion of defendant Renee E. Mestad, M.D. is denied, the
second ordering paragraph is vacated, the complaint is reinstated, and the matter is
remitted to Supreme Court, Onondaga County, for further proceedings in accordance with
the following memorandum: In this medical malpractice action seeking damages for
injuries plaintiff allegedly sustained during a cesarean section and bilateral salpingectomy
performed by defendant Renee E. Mestad, M.D. at defendant Crouse Health Hospital, Inc.
(Crouse), plaintiff alleges that her omentum was injured and started bleeding during the
surgery and that Mestad was negligent in failing to see and address that bleeding before
closing the surgical incision. Plaintiff appeals from an order that granted the motions of
Mestad and Crouse for summary judgment dismissing the complaint. We reverse.
On a summary judgment motion in a medical malpractice action, a defendant has "the
initial burden of establishing either that there was no deviation or departure from the
applicable standard of care or that any alleged departure did not proximately cause the
plaintiff's injuries" (Occhino v
Fan, 151 AD3d 1870, 1871 [4th Dept 2017] [internal quotation marks omitted]).
"Once a defendant meets the initial burden, [t]he burden shifts to the plaintiff to
demonstrate the existence of a triable issue of fact . . . only as to the elements on which
the defendant met the prima facie burden" (Lewis v Sulaiman, 217 AD3d 1443, 1444 [4th Dept 2023]
[internal quotation marks omitted]).
Plaintiff does not dispute that Mestad satisfied her initial burden but contends that
plaintiff's expert raised triable issues of fact sufficient to defeat Mestad's motion. We
agree with plaintiff and conclude that plaintiff's expert, a board certified obstetrician and
gynecologist, adequately raised a question of fact with respect to both deviation and
causation. Plaintiff's expert opined that Mestad deviated from the standard of care by
inspecting only that portion of the omentum that was in her visual field and by failing to
inspect that portion of the omentum not in her visual field prior to closing plaintiff's
abdomen. The expert further opined that Mestad deviated from the standard of care by
making certain assumptions and by failing to take certain medical actions, such that
Mestad caused plaintiff to actively bleed from her omentum, did not [*2]adequately obtain hemostasis, and never located the source
of bleeding prior to completing the procedure. Where, as here, the opinion of a plaintiff's
expert directly opposes the opinion of a defendant's expert, the result is a "classic battle of
the experts that is properly left to a jury for resolution" (Cooke v Corning Hosp., 198
AD3d 1382, 1383 [4th Dept 2021] [internal quotation marks omitted]; see Peevey v Unity Health Sys.,
196 AD3d 1139, 1140 [4th Dept 2021]; Ferlito v Dara, 306 AD2d 874, 874
[4th Dept 2003]). Contrary to defendants' contention, this is not a case where plaintiff's
expert affidavit was " 'vague, conclusory, speculative, [or] unsupported by the medical
evidence in the record' " (Occhino, 151 AD3d at 1871; see generally Diaz v
New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
Inasmuch as Supreme Court did not address the alternative ground for summary
judgment raised in Crouse's motion, we remit the matter to Supreme Court to consider
that ground and determine the motion anew (see Julius v County of Erie, 196 AD3d 1058, 1059 [4th
Dept 2021]; Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop.
Co., LLC, 181 AD3d 1180, 1181 [4th Dept 2020]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court